UNITED STATES, Appellee

v

DONALD W. STORY, Private First Class, U. S. Marine Corps, Appellant

10 USCMA 145, 27 CMR 219

No. 12,067

Decided January 23, 1959

*Captain Frederick D. Clements,* USMC, argued the cause for Appellant, Accused.

*Major Ted H. Collins,* USMC, argued the cause for Appellee, United States. With him on the brief was *Commander Craig McKee,* USN.

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused, on his plea of guilty, stands convicted by special court-martial of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. Immediately after announcing the sentence of bad-conduct discharge, confinement at hard labor for six-months, forfeiture of $55.00 per month for six months, and reduction to the grade of private, the president of the court-martial announced: "The defense counsel is directed to prepare a clemency appeal if so desired, which each member of this court may sign." The clemency recommendation, dated the day after the trial and signed by four of the five members of the court, is appended to the record of trial and in substance "requests" that the portion of the sentence adjudging the bad-conduct discharge not be approved. The convening authority approved the sentence as adjudged, but provided for a technical suspension of the bad-conduct discharge. The record discloses that

145

The Judge Advocate General of the Navy further suspended the execution of the bad-conduct discharge for a period of six months after expiration of the period of confinement with a provision for automatic remission. This suspension was made contingent upon its timely written acceptance by the accused and by its terms the six-month period would date from the date of such acceptance.

This Court granted review on the issue, "Whether the clemency recommendation by four members of the court-martial impeached or was in conflict with the sentence adjudged."

This issue is substantially the same as that granted and disposed of in United States v Kaylor, 10 USCMA 139, 27 CMR 213, decided this date.

For the reasons detailed at length in that opinion, the sentence herein is set aside and the record of trial is returned to The Judge Advocate General of the Navy. A rehearing on the sentence may be ordered.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

My reasons for dissenting are stated generally in United States v Kaylor, 10 USCMA 139, 27 CMR 213. However, there are some facts which distinguish that case from the one at bar, and so I prefer to make a few comments. Here the record shows affirmatively that the recommendation as subsequently formulated in writing was not contemporaneous with the sentence. When the president made his announcement in court, he made it clear that any clemency was conditional as the court-martial left to the defense the option of requesting leniency, and the only hope held out to the accused was that each member of the court might sign a petition directed to the convening authority. The nature of any clemency that might be recommended, if discussed at all, was undisclosed, and under that situation any defense attorney worth his salt would write the most liberal terms possible. The petition was worded by defense counsel after the

court had ceased to exist as a legal body, and it is worth noting that all members of the court did not join in the recommendation. Under those circumstances, I cannot find justification for a holding that a recommendation of some members impeached the sentence at all.

On the face of this record, it can be argued that there was inconsistency, for it is difficult to understand why court members who imposed a bad-conduct discharge would then subsequently recommend an immediate remission. My reading of the reasons for the recommendation causes me to believe the members of the court who did so had in mind suggesting that the execution of the bad-conduct discharge be suspended with a subsequent remission, conditioned upon accused's good behavior. The drafting of such a recommendation requires expertise which is not usually possessed by one unfamiliar with the law, and here the letter, which was not prepared by a lawyer, took the easy method by suggesting to the convening authority that he approve the confinement, forfeiture, and reduction. An announced sentence is presumed to express the intent of the court members, and this record is silent as to what form of clemency was considered while the court was deliberating on sentence or what information, if any, was furnished to court members after sentence and before the recommendation was prepared. To permit the defense to obtain a reversal on that showing is to speculate error and permit the accused to profit because a letter prepared by his counsel mixes clemency with appropriateness.

This dissent will accomplish nothing in the way of establishing substantive law, but it might be helpful if I go one step further and point out to law officers and presidents of special courts-martial how to diminish the possibility of error when a court-martial desires to have reviewing authorities exercise clemency. Under the present state of the law, if the subject of leniency is suggested at the time of sentence, there is doubt cast on the validity of the punishment imposed. To avoid that situation, law officers and presidents of special courts-martial should require court

members before they are excused to be specific as to the nature of the clemency they intend to recommend. If the desired mercy is within the power of the court to grant by merely lessening one or all parts of the sentence, then the members should be advised that the proposed recommendation appears inconsistent with the punishment imposed, and they should be directed to reconsider their sentence.

Certainly if, as my associates apparently interpret some of the records, courts-martial are not fixing appropriate sentences because of policy declarations, customs of the service, or otherwise, they are failing in their duties. The time is long past when military courts should give an excessive sentence in reliance on higher headquarters adjusting the inequities. It is a court-martial's responsibility to assess an appropriate sentence, and no ingredients should ever be included if deemed inappropriate, regardless of the accused's opportunity to have it reduced, remitted, or eliminated on review. Because there is a fine line of difference between clemency and appropriateness, it is incumbent on law officers and presidents of special courts to make certain the court-martial understands the distinction if its chooses to recommend mercy.