UNITED STATES, Appellant

v.

ERIC F. GRCICH, Fireman Apprentice, U. S. Navy, Appellee

10 USCMA 495, 28 CMR 61

*Captain Frederick D. Clements,* USMC, argued the cause for Appellee, Accused.

*Major Ted H. Collins,* USMC, argued the cause for Appellant, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A board of review set aside the sentence imposed upon the accused by a special court-martial on the ground that a "unanimous clemency recommendation" by the members of the court was "in conflict with the sentence as actually adjudged." The Judge Advocate General of the Navy certified the case to this court to review the correctness of the board of review's decision.[1]

At trial, the accused entered a plea of guilty to two specifications alleging unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. He was found guilty as charged. During the sentence procedure, the accused made an unsworn statement reviewing the financial and health problems of his family. Defense counsel read excerpts from matters introduced in mitigation in the accused's previous trials. These were supplemented by a further statement by defense counsel. After deliberating in closed session, the court opened and the president announced that the court had sentenced the accused to a bad-conduct discharge and confinement at hard labor for six months. He concluded his statement as follows:

"The court, however, in view of your youth and your apparent family difficulties, your GCT, and your educational background, recommends clemency from the viewpoint that you be considered for an administrative type of discharge in lieu of a bad conduct discharge."

Apparently after trial, the three members of the court signed an undated document recommending that the sentence be set aside and that "an administrative discharge be considered." When the record of trial was reviewed by the supervisory authority, the staff legal officer commented on the court's action. He said: "It appears an anomaly that the court would sentence the accused to a punishment and then recommend that the sentence be set aside." Carefully reviewing the circumstances, he concluded, and recommended to the supervisory authority, that the adjudged sentence and the court's clemency recommendation were "not irreconcilable." On the other hand, a Navy West Coast board of review composed of Members Moloney, Hendry and Cappelmann unanimously reached an opposite conclusion.

The matter is not one of easy solution. Indeed, it is not unusual in a case of this kind to have a difference of opinion on whether there is a conflict between the sentence and the recommendation. See United States v Kaylor, 10 USCMA 139, 27 CMR 213; United States v Story, 10 USCMA 145, 27 CMR 219; see also, United States v Doherty, 5 USCMA 287, 17 CMR 287. In the *Kaylor* case the court contemporaneously with its sentence recommended remission of the punitive discharge; in *Story,* the president directed counsel to prepare a "clemency appeal" which, as signed by a majority of the court members, recommended that the discharge adjudged by the court be disapproved.

---

[1] The certified question is as follows: "Was the Board of Review correct in deciding that the clemency recommendation of the court impeached, or otherwise rendered inconsistent, its sentence verdict?"

Here, the court recommended that an administrative discharge be substituted for the bad-conduct discharge. In essence, the recommendation was tantamount to a request that the adjudged punitive discharge be remitted. The situation therefore is substantially like that in *Kaylor* and *Story*. Accordingly, we answer the certified question in the affirmative and affirm the decision of the board of review.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

The question certified by The Judge Advocate General of the Navy in the case at bar is not one of first impression in this Court. My views on the subject may be found in United States v Doherty, 5 USCMA 287, 17 CMR 287, and my dissenting opinions in United States v Kaylor, 10 USCMA 139, 27 CMR 213, and United States v Story, 10 USCMA 145, 27 CMR 219. Obviously, those concepts lead me to a different conclusion than that here reached by my colleagues. However, while I still subscribe to the views I set forth in the previously mentioned cases, I see little utility in rearguing my concepts in the case at bar. Accordingly, under ordinary circumstances, I would be content merely to record my dissent. However, even when I attempt to apply the principles the majority set out in United States v Kaylor, supra, I must still disagree with the disposition here ordered by the Court.

In that case my associates found, *inter alia,* that no instructions on sentence were given and that there was no indication the court-martial knew it need not impose a punitive discharge. Here that cannot be the case, for the court was properly instructed on sentence, and the court members demonstrated that they knew they need not adjudge any particular ingredient of the punishment allowable, for they imposed no forfeitures on accused. It is clear from that fact alone that they were familiar with the permissive nature of the various forms of punishment. Moreover, here the court-martial

merely recommended that a hardship discharge *"be considered."* (Emphasis supplied). That in and of itself presents a marked difference from *Kaylor,* where the court members requested outright remission of the punitive discharge. But in addition, it would seem to indicate additional investigation was deemed advisable before accused was considered for relief, whereas in *Kaylor* my brothers found that "the mitigating circumstances expressed by the court in its recommendation for clemency . . . were presented to them before they announced their sentence." Furthermore, in that case the Court held that the court-martial could have reached the result recommended as clemency merely "by the simple expedient of not including a bad-conduct discharge as a part of the sentence." And my colleagues commented:

"It should be noted that our decision here should in no way discourage clemency recommendations where appropriate, nor does it affect the situation where the court-martial recommend clemency in the form of a suspension or conditional remission of a discharge. Recommendations for complete and unqualified remission of a portion of a sentence are clearly distinguishable from recommendations for suspension. A court-martial does not have power to adjudge a suspended sentence. United States v Marshall, 2 USCMA 342, 8 CMR 142. If the suspension of a punitive discharge is considered appropriate, there is no way that the court-martial, acting alone, can accomplish it. Power to suspend is vested in the convening and supervisory authorities. On the other hand, total remission of a portion of the sentence can readily be accomplished by not adjudging that portion in the first instance."

In this case I believe we have exactly the situation suggested in the above quoted paragraph, and I would not reject the concept so recently announced therein. Here there can be no question but that the court believed it appropriate that accused be discharged—both the sentence they adjudged and their clemency recommendation so indicate.

And just as with a suspension, as distinguished from outright and unqualified remission, a court-martial is without power to accomplish a hardship discharge, for an administrative separation is a type beyond its authority to impose as punishment. This record demonstrates that the court members fully appreciated their sentencing powers and duties, and that they were aware reviewing authorities could, and might if investigation of the circumstances so indicated, give consideration to a less severe type discharge—which action the court-martial was powerless to take. Accordingly, it is patent that the clemency recommendation of the court did not impeach or impugn its sentence in the slightest.

In conclusion, I can only wonder, in view of the disposition ordered by the Court, what kind of clemency recommendation can be made by members of a court-martial without rendering their sentence inconsistent. While a majority of the Court indicated in *Kaylor* they "would not sanction any curtailment of the absolute freedom of a court to make recommendations for clemency," and that "when such a recommendation is made, it should not subject the court to the risk of having its sentence set aside," I can only conclude that the present holding greatly weakens those assurances. Moreover, I might also observe that not infrequently a court-martial, after having imposed a sentence it believes appropriate, has sought to "temper justice with mercy," by recommending a form of clemency it is without authority to grant. The impact of this decision may reduce the number of those recommendations.

I would answer the certified question in the negative and reverse the decision of the board of review.