UNITED STATES, Appellee

v

JOHN P. GEBHARD, Private, U. S. Marine Corps, Appellant

11 USCMA 765, 29, CMR 581

No. 14,039

Decided August 5, 1960

*Lieutenant Colonel E. W. Johnson* argued the cause for Appellant, Accused.

*Major Ted H. Collins* argued the cause for Appellee, United States.

ROBERT E. QUINN, Chief Judge:

With evidence of four previous convictions before it, a special court sentenced the accused, on his plea of guilty to a two-day unauthorized absence, to a bad-conduct discharge, partial forfeiture of pay for six months, and confinement at hard labor for six months. The convening authority affirmed the conviction, but reduced the period of confinement and forfeiture to two months. On recommendation of his staff legal officer, the supervisory authority approved the convening authority's action, noting that the "recidivism of the accused compels no other alternative but his punitive separation from the Marine Corps." The board of review affirmed the action taken by the supervisory authority. However, in a brief opinion it recommended that, under the provisions of Article 74(b) of the Uniform Code of Military Justice, 10 USC § 874, "an administrative type" of discharge be substituted "in lieu of a punitive discharge." The Judge Advocate General of the Navy thereupon forwarded the record of trial to this Court for review on the following question:

"Was the clemency recommendation of the Board of Review in conflict with the affirmation of a sentence including a bad conduct discharge?"

The Government maintains that the board of review's opinion is entirely consistent with its decision, while appellate defense counsel contend that the two are "in conflict." See United States v Grcich, 10 USCMA 495, 28 CMR 61. The opinion is brief and we set it out below in full:

"This eighteen-year-old accused, who has been in the Marine Corps only since 1 April 1959, faces punitive separation from the Corps for absenting himself from his organization for a period of about two days, in violation of UCMJ, Article 86. During his brief service he has committed offenses for which he was tried and convicted by four courts-martial. His transgressions, however, were of a very minor nature,

such as unauthorized absence for periods of three hours and thirty-five minutes, one day and one day, attempting to go absent without leave and willfully disobeying a lawful order. We disagree with the conclusion of the Staff Legal Officer that 'it is evident that no other alternative remains but to punitively separate the accused from the Marine Corps'. We are also unable to agree with the Supervisory Authority's determination that 'the recidivism of the accused compels no other alternative but his punitive separation from the Marine Corps'.

"On the basis of the entire record, the Board recommends that an administrative type, in lieu of a punitive discharge, be substituted under the provisions of Article 74b, Uniform Code of Military Justice.

"Subject to the foregoing recommendation, the findings of guilty and the sentence, as approved on review below, are affirmed."

Basically, the issue raised by the certificate concerns the actual intention of the board of review. That question can be effectively settled by a clear and explicit statement by the board of review as to whether it regards as appropriate, in light of all the circumstances, the imposition of the punitive discharge. See United States v Moreno, 5 USCMA 500, 18 CMR 124. Accordingly, we return the record of trial to The Judge Advocate General for submission to the board of review for reconsideration of the sentence in accordance with this opinion.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

The majority return this case to the board of review for "a clear and explicit statement" of whether it affirms, as appropriate, accused's sentence to bad-conduct discharge. To my mind that is merely to require the board to repeat that which it has already done. I, therefore, prefer to face up squarely

to the issue certified here by The Judge Advocate General of the Navy.

In my view, a board of review is without power to substitute administrative separation in lieu of a punitive discharge. Accordingly, I believe it was quite proper for them to recommend that action to the authorities possessing power to separate a member of the armed forces administratively. And certainly I find nothing inconsistent between that recommendation and the board's affirmance of accused's bad-conduct discharge. Wholly apart from my disagreement with the majority in United States v Kaylor, 10 USCMA 139, 27 CMR 213; United States v Story, 10 USCM 145, 27 CMR 219; and United States v Grcich, 10 USCMA 495, 28 CMR 61, those decisions, upon which appellate defense counsel rely, are patently inapposite in this instance. In that line of cases my associates found the members of the court-martial to have recommended a result the court could itself have effectuated and to have been unaware they need not impose a punitive discharge. Quite to the contrary, in the case at bar the board of review had no power to effect the action it suggested. And unless we are to presume the legally qualified board members were unaware they need not affirm the punitive discharge or that they abdicated their responsibility under Article 66, Uniform Code of Military Justice, 10 USC § 866, the holding of the Court in the *Kaylor* line is inapplicable. Both common sense and the presumption of regularity dictate that the board of review had knowledge of the law and merely concluded that accused's punitive separation from the service as a result of his conviction was indeed appropriate, but for clemency reasons recommended that appropriate authorities empowered to do so consider changing the means of separation to an administrative discharge. I see no reason to require them to clarify that holding.

Accordingly, I would answer the certified question in the negative and affirm the decision of the board of review.