UNITED STATES, Appellant

v

KENNETH G. HUBER, Fireman Apprentice, U. S. Navy, Appellee

12 USCMA 208, 30 CMR 208

No. 14,551

Decided February 24, 1961

█ █ 

*Major Ted Collins,* USMC, argued the cause for Appellant, United States.

*Lieutenant Colonel E. W. Johnson,* USMC, argued the cause for Appellee, Accused.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

At a rehearing before a special court-martial,[1] the accused entered a plea of guilty to four acts of misconduct in violation of the Uniform Code of Military Justice. He was sentenced to a bad-conduct discharge, forfeiture of $50.00 pay per month for six months, and confinement at hard labor for six months. The convening authority approved the findings of guilty, but reduced the sentence to a bad-conduct discharge, which was the sentence imposed upon the accused at the first trial. The supervisory authority affirmed the convening authority's action, but a divided board of review held that a unanimous recommendation ·by the court, made two days after the original trial, was inconsistent with the original sentence and should have been given effect by the convening authority in his action on the second record of trial. Accordingly, it set aside the sentence. Pursuant to Article 67(b)(2) of the Uniform Code of Military Justice, 10 USC § 867, The Judge Advocate General of the Navy certified the following issue for our consideration:

"Whether the Board of Review was correct in setting aside the sentence on rehearing because of the recommendation for clemency made by the court-martial at the original trial."

The board of review based its conclusion that the court's post-trial recommendation was inconsistent with the sentence announced at the trial upon our decision in United States v Grcich, 10 USCMA 495, 28 CMR 61. The opinion in that case, and the authorities cited therein, indicate that consideration must be given to the surrounding circumstances to determine whether in-

---

[1] Three specifications were laid under Charge I as violations of Article 86, Uniform Code of Military Justice, 10 USC § 886; Charge II alleges disobedience of a general regulation, in violation of Article 92, Uniform Code of Military Justice, 10 USC § 892.

consistency exists between the sentence imposed by the court-martial and a recommendation it makes to the reviewing authority for approval of a lesser sentence. Two circumstances bear strongly upon the matter. The first is whether the recommendation originates with the court or with defense counsel; and the second is whether the recommendation is made at the same time as the imposition of sentence or so close to that time as to indicate reasonably that the two acts are substantially part of the same event. United States v Kaylor, 10 USCMA 139, 27 CMR 213; United States v Doherty, 5 USCMA 287, 17 CMR 287; see also United States v Plummer, 12 USCMA 18, 30 CMR 18; United States v Gebhard, 11 USCMA 765, 29 CMR 581.

Here, the recommendation for approval of a lesser sentence was initiated by defense counsel in a "clemency petition" dated two days after the trial in which he requested that an administrative form of discharge be substituted for the bad-conduct discharge. The court members concurred in the recommendation by way of an undated "FIRST ENDORSEMENT." The petition for clemency, therefore, does not indicate a legally effective inconsistency between the sentence and the post-trial recommendation. Nor is there anything to indicate that the action of the court-martial, taken days after the trial, was in any way an abdication of the court's duties.

To accord the effect of inconsistency to a post-trial recommendation for clemency is to permit impeachment of its sentence by the court-martial after its adjournment. We commented upon that possibility in United States v Kaylor, supra, and distinguished it from a connected inconsistent statement regarding remission of the sentence, the latter being regarded as more in the nature of an ambiguous verdict. United States v Kaylor, supra, at page 141.

It is settled law that Federal civil jurors may not impeach their verdicts by post-trial declarations. Ramsey v United States, 27 F2d 502 (CA6th Cir) (1928); Western Spring Service Co. v Andrew, 229 F2d 413 (CA 10th Cir) (1956); Bartholomew v Universe Tankships, Inc., 263 F2d 437 (CA 2d Cir) (1959). The same rule should be applied to statements by court-martial members which are made following adjournment and which do not form an integral part of the announcement of the sentence so that doubt is cast upon its meaning. United States v Kaylor, supra; United States v Story, 10 USCMA 145, 27 CMR 219. Accordingly, we conclude that the post-trial recommendation for clemency in this record cannot form the basis for concluding that the court-martial's sentence was inconsistent in law.

The certified question is answered in the negative. The decision of the board of review as to the sentence is set aside, and the record of trial is returned to it for reconsideration of the sentence in the light of this opinion.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

Here the board of review concluded that United States v Grcich, 10 USCMA 495, 28 CMR 61, compelled a holding that the clemency recommendation made by the members of the original court was inconsistent with the sentence. My views concerning that problem may be found in United States v Doherty, 5 USCMA 287, 17 CMR 287, and my dissenting opinions in United States v Kaylor, 10 USCMA 139, 27 CMR 213; United States v Story, 10 USCMA 145, 27 CMR 219; United States v Grcich, supra; and United States v Gebhard, 11 USCMA 765, 29 CMR 581. Obviously, under my concepts, a clemency petition which does no more than suggest that those with authority to do so give consideration to substituting an administrative discharge for the punitive discharge adjudged by the court-martial—a sub-

stitution the court is powerless to effect—is not inconsistent in any wise with the bad-conduct discharge the court-martial imposed.

Aside and apart from our areas of disagreement in the cases I have cited above, however, I am sure a perusal of those decisions will indicate unanimity by the Judges of this Court on certain concepts. And when they are applied in this instance, they lead ineluctably to the conclusion that the board of review erred. First, there can be no doubt here that the members of the original court well understood their complete freedom in the field of punishment and that they need not impose any specific penalty, for the sentence they returned did not provide for confinement or forfeitures. Second, as my associates point out, the clemency petition was initiated by the defense, not the court, and, having been prepared at least two days after trial, the recommendation obviously was neither contemporaneous with imposition of sentence nor even "substantially part of the same event." Third, the original trial proceedings compel the conclusion that the court-martial members intended to separate the accused from the service. Their subsequent endorsement to accused's petition was no more than a merciful act affirmatively induced by him and in no way should be construed to weaken their original sentence. Certainly that construction is to be favored, for otherwise members of courts-martial would be faced with the alternative of either closing their ears to post-trial supplications from defense attorneys or invalidating their sentence. Manifestly, mercy, justice, and the decisions of this Court compel a holding that the court-martial, by seeking to aid the accused in accordance with his request made after trial, did not impeach its sentence.

Accordingly, I join in answering the certified question in the negative and reversing the decision of the board of review.