UNITED STATES, Appellee

v

LARRY WILLIAM POPE, Seaman Recruit,

U. S. Navy, Appellant

17 USCMA 156, 37 CMR 420

No. 20,049

July 28, 1967

*Lieutenant Peter F. Vaira,* USNR, argued the cause for Appellant, Accused.

*Lieutenant Charles Freeland,* USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Thomas P. Casey,* USMC.

KILDAY, Judge:

Appellant was arraigned before a special court-martial convened at the U. S. Naval Station, Treasure Island, California, charged with absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. He pleaded guilty as charged and was sentenced to a bad-conduct discharge and confinement at hard labor for six months. Intermediate appellate authorities approved the findings and sentence without modification and we granted the appellant's petition to determine whether the court-martial had impeached its sentence.

Subsequent to his plea of guilty to unauthorized absence and the court's finding in accord therewith, trial defense counsel informed the court that on the date (June 20, 1966) the appellant absented himself, an administrative discharge had been prepared providing for the latter's separation from the service on the following day (June 21, 1966). Counsel also made a strong plea in mitigation during which he detailed the appellant's personal difficulties as the reason for the latter's absence.

After deliberating in closed session, the court opened and the president announced the above-noted sentence. He concluded his statement as follows:

"The court will also recommend to the Convening Authority that if administrative discharge is still applicable that the court's sentence be set aside and the administrative discharge be executed as soon as possible."

The question was before us in United States v Grcich, 10 USCMA 495, 28 CMR 61, wherein the situation was sufficiently similar to dictate the same result. Grcich had pleaded guilty to two specifications of unauthorized absence. Following the announcement of a sentence to a bad-conduct discharge and six months confinement at hard labor, the president announced:

" 'The court, however, in view of your youth and your apparent family difficulties, your GCT, and your educational background, recommends clemency from the viewpoint that you be considered for an administrative type of discharge in lieu of a bad conduct discharge.' " [Id., at page 496.]

A Navy board of review set aside the sentence on the ground that a " 'unanimous clemency recommendation' " by the members of the court was " 'in conflict with the sentence as actually adjudged.' " Id., at page 496. Upon certification to this Court by the Judge Advocate General of the Navy, we affirmed the correctness of the board's action since "the recommendation (of the court-martial) was tantamount to a request that the adjudged punitive discharge be remitted." Id., at page 497.

This was in accord with our prior decisions in United States v Kaylor, 10 USCMA 139, 27 CMR 213, where the court contemporaneously with its sentence recommended remission of the punitive discharge, and United States v Story, 10 USCMA 145, 27 CMR 219, where the president of the court directed counsel to prepare a clemency appeal which, as signed by a majority of the court members, recommended that the discharge adjudged by the court be disapproved.

In each of the cited cases, we set aside the sentence and directed that a rehearing on sentence might be ordered on the ground that under the circumstances we could not determine whether the court-martial members properly understood their sentencing power; that is, that they need not have adjudged a punitive discharge in the first place. The reasoning by which we arrived at that decision is set forth at length in United States v Kaylor, supra.

We so find in this case. Accordingly, the sentence is set aside and the record of trial is returned to the Judge Advocate General of the Navy. A rehearing on the sentence may be ordered.

Chief Judge QUINN and Judge FERGUSON concur.