UNITED STATES

v.

Airman First Class Reginald H.
McLAURIN, FR 174–46–3017
United States Air Force.

ACM 22649.

U. S. Air Force Court of Military Review.

Sentence Adjudged 3 July 1979.

Decided 30 July 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter and Major Robert T. Mounts.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

## DECISION

MAHONEY, Judge:

Pursuant to his pleas of guilty, the accused was convicted by general court-martial, military judge alone, of three sales, two uses, and one possession of marihuana in the hashish form, and one sale of cocaine, all in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The adjudged and approved sentence is a bad conduct discharge, confinement at hard labor for ten months, forfeiture of $270.00 per month for ten months, and reduction to airman basic.

In their assignment of error appellate defense counsel correctly observe that the military judge, in discussing the request for

trial by judge alone, failed to advise the accused of the percentage of members required to concur in findings of guilty and the sentence, as suggested in the Procedure Guides for Courts-Martial, Air Force Pamphlet 111–6, 19 April 1976. As a result of this omission it is contended that the military judge failed to adequately assure himself that the request for trial by military judge alone was understandingly made. We disagree.

 By presenting a properly executed written Request for Trial Before Military Judge Alone (DD Form 1722), the accused waived his statutory right to trial before court members. Article 16, Code, *supra*, 10 U.S.C. § 816; *United States v. Dean*, 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970). Implementing the foregoing codal provision, Paragraph 53*d*(2)(c) of the Manual for Courts-Martial 1969 (rev.) requires the military judge, in accepting the waiver, to assure himself that the request was understandingly made by the accused. *United States v. Jenkins*, 20 U.S.C.M.A. 112, 42 C.M.R. 304 (1970). It is not required, however, that either the written waiver itself, or any in-court discussion between the military judge and the accused cover all possible implications of such a waiver. *United States v. Turner*, 20 U.S.C.M.A. 167, 43 C.M.R. 7 (1970). We have examined the recorded colloquy between the military judge and the accused, and are satisfied that the military judge did adequately assure himself, as we are assured, that the accused understandingly made his request for trial by military judge alone. *United States v. Parkes*, 5 M.J. 489 (C.M.A.1978); *United States v. Ambers*, 43 C.M.R. 757 (A.C.M.R.1971).[1]

The remaining issue to be determined upon this review was specified by the Court:[2]

WHETHER THE MILITARY JUDGE'S STATEMENT, MADE CONTEMPORANEOUSLY WITH ANNOUNCEMENT OF SENTENCE, IMPEACHED THE SENTENCE ADJUDGED BY THE COURT–MARTIAL?

We hold that it did, and reduce the sentence to reflect only that portion lawfully adjudged.

Immediately after he announced sentence, the military judge stated:

Our military justice system does not vest the military judge with the authority to suspend all or any part of a sentence. The military judge must either adjudge a sentence and recommend a suspension he deems appropriate, trusting the convening authority to respect that recommendation, or adjudge only so much of a sentence as he wants the accused to actually serve unsuspended. This is a case where this peculiarity of the military justice system is a consideration.

Because of your attitude, Airman McLaurin, and demeanor at trial, I believe that your guilty plea was indeed a first step toward rehabilitation. Your good record in the Air Force speaks for itself. The

---

1. The percentage of votes required for conviction and sentence is not a significant distinguishing feature in the decision to waive trial by court members. Although the percentage of votes does serve to emphasize the obvious fact that more persons must concur in findings and sentence, the basic advantage in a trial by court members is the diversity of background, experience, and perception brought to bear upon the issues before the court. While the accused's right to trial by court members is statutory, and not Constitutional, *United States v. Jenkins*, 20 U.S.C.M.A. 112, 42 C.M.R. 304 (1970), see generally, *Ballew v. Georgia*, 435 U.S. 223, 232–43, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978). However, this advantage is frequently outweighed by other considerations, such as the presence of inflammatory evidence, or the court members' lack of experience and exper-

tise in the delicate task of determining an appropriate sentence. *United States v. Norris*, 43 C.M.R. 1000 (A.F.C.M.R.1971). Considerations such as these are not appropriate for discussion between the military judge and the accused—they are within the sole province of the trial defense counsel in advising his client. We are assured, as no doubt was the military judge, that the trial defense counsel's certification on the written request, that he had fully advised the accused in regard to his statutory right to a trial by court members, resulted in an understanding request by the accused for trial by military judge alone.

2. The other assigned error is mooted by our disposition of the specified issue.

evidence and material presented in extenuation and mitigation is apparently truthful, honest and is worthy of great consideration. Airman McLaurin, I believe that you are an excellent candidate for rehabilitation and I recommend after three months of confinement at hard labor, the entire remaining sentence be suspended, especially including your rank. In other words, I would like for them to restore you to your rank but suspend that reduction. In the alternative, I recommend your participation in the Air Force Drug Rehabilitation Program at Lowrey [sic] Air Force Base; if appropriate, suspension of the sentence after successful completion of the residence program.

In conjunction with the recommendation to suspend the sentence after three months of confinement at hard labor, I also recommend that you be reassigned to McGuire Air Force Base, New Jersey, during or immediately following the three months of confinement at hard la-

bor so that you can be under the beneficial influence of your family during this period of suspension.[3]

 The responsibility of those involved in the court-martial sentencing process is to adjudge, approve, or affirm no more punishment than is fair and just. *United States v. Cavallaro*, 3 U.S.C.M.A. 653, 14 C.M.R. 71 (1954). Generally, a post-trial recommendation for clemency does not reflect an abrogation of that responsibility and, hence, will not impeach the adjudged sentence.[4] *United States v. Huber*, 12 U.S. C.M.A. 208, 30 C.M.R. 208 (1961); *United States v. Horton*, 11 C.M.R. 478 (A.B.R. 1953). However a recommendation for clemency made contemporaneously with the announcement of sentence will impeach the sentence if it is based solely upon matters before the sentencing authority, and if the recommended clemency action is within the power of the sentencing authority to implement.[5] *United States v. Grcich*, 10 U.S.C.

3. We do not need to analyze the full implication of these recommendations to determine the specified issue. We do note, however, that some of the alternatives posed, and their priorities, are not clearly stated. Others might be impossible to implement. The accused's rank for example, could not routinely be restored after a reduction was implemented pursuant to Article 58a, Uniform Code of Military Justice, 10 U.S.C. § 858a. *See*, paragraph 4–35, Air Force Manual 111–1, Military Justice Guide, Change 1, 25 August 1975. Also, the military judge was mistaken in his apparent belief that there is an "Air Force Drug Rehabilitation Program" at Lowry Air Force Base. There is no such program, although inmates at the 3320th Correction and Rehabilitation Squadron at that base are provided counselling for drug-related problems.

4. A contemporaneous recommendation for clemency is distinguished from a post-trial recommendation primarily because the adjudication of sentence is still within control of the sentencing authority at the time a contemporaneous recommendation is made. The line of demarkation is not altogether clear, because, until the record of trial has been authenticated and transmitted to the convening authority, reconsideration of the adjudged sentence is permissible. Manual for Courts-Martial 1969 (rev.), Paragraphs 76c and 76d.

Post-trial recommendations for clemency are normally based, in part, upon information not available at trial. *But, see, United States v.*

*Welch*, 1 M.J. 1201 (A.F.C.M.R.1976). After trial, the military judge or court members may consider, *inter alia*, the accused's post-trial duty performance and military bearing; his cooperation with law enforcement authorities; and the formal clemency evaluation, if any. *See United States v. Canterbury*, 33 C.M.R. 545 (A.B.R.1963). In this regard, we believe the Manual's preference that any recommendations for clemency be made post-trial, while not binding, *United States v. Yuille*, 14 C.M.R. 450, 459 (N.B.R.1953), is well advised. Manual, *supra*, Paragraph 77a.

5. A recommendation to remit or reduce some or all of the adjudged punishment is within the power of the sentencing authority to implement. A recommendation to substitute an administrative discharge for a punitive discharge *does not fit squarely into this category*, but the Court of Military Appeals has held that such a recommendation is tantamount to recommending that the punitive discharge be remitted. *United States v. Grcich*, 10 U.S.C.M.A. 495, 28 C.M.R. 61 (1959). Later, the Court indicated such a contemporaneous recommendation would be permissible if contingent upon evaluation of the accused's post-trial conduct. *United States v. Turner*, 14 U.S.C.M.A. 435, 34 C.M.R. 215 (1964).

Notwithstanding the foregoing, we have held that a contemporaneous recommendation to substitute an administrative discharge for a punitive discharge, even if *not* contingent upon

M.A. 495, 28 C.M.R. 61 (1959); *United States v. Story*, 10 U.S.C.M.A. 145, 27 C.M.R. 219 (1959); *United States v. Kaylor*, 10 U.S.C.M.A. 139, 27 C.M.R. 213 (1959).

 When a contemporaneous recommendation is for a form of clemency not within the power of the sentencing authority to implement, *or when the recommended clemency action is contingent upon a future event*, the recommendation will not impeach the adjudged sentence.[6] In their brief appellate government counsel urge us to infer that the trial judge's recommendation in this case was conditioned upon the good post-trial conduct of the accused and thus not based solely on matters before the court. We need not draw the inference, because it is clear at any event that the suspension action recommended by the military judge was not within his power to implement.[7] Thus, we are satisfied that the clemency recommendation made by the trial judge did not itself impeach the sentence he adjudged.

 What did impeach the adjudged sentence was the military judge's statement of the law, as he perceived it, relating to the duty of the sentencing authority. Reiterating the applicable portion of the judge's pronouncement, he stated:

The military judge must either adjudge a sentence and recommend a suspension he deems appropriate, *trusting the convening authority to respect that recommendation*, or adjudge only so much of a

sentence as he wants the accused to actually serve unsuspended. [emphasis added].

Of these two alternatives, only the latter is a correct statement of law, and we do not find that the military judge followed it in this case. Factually, we note that the adjudged sentence contains a recommendation for suspension which is posited only in the erroneous alternative. Legally, we cannot find the correct law has been applied where the court has been provided conflicting guidance. *E. g., United States v. Noe*, 7 U.S.C.M.A. 408, 410–11, 22 C.M.R. 198, 200–01 (1956). Moreover, the presumption that a military judge sitting alone followed the correct law is rebutted when he misstates the law. *United States v. Mandurano*, 1 M.J. 728, 731–32 (A.F.C.M.R.1975).

 We are confronted then with a sentence adjudged in the "trust" that the convening authority would "respect" certain clemency recommendations in approving it. Such "trust" or reliance by the sentencing authority on future action of higher authority is an abrogation of the duty to impose a fair and just sentence. "The military judge is required by law to award a sentence that is legal, appropriate, and adequate without reliance upon the possible mitigating action that might be taken by others who will subsequently act on the record." *United States v. Rector*, 49 C.M.R. 117, 119 (A.C.M.R.1974). The sentencing authority—be it judge or court members—must adjudge a sentence which

---

future conduct, is permissible provided that: (1) the sentencing authority was fully cognizant that the recommendation was in no way binding upon the convening authority, and (2) the sentencing authority was satisfied that the adjudged sentence was appropriate, even if the recommended clemency was not granted. *United States v. Tharp*, 49 C.M.R. 233 (A.F.C.M.R.1974). Based upon *Tharp*, the last sentence of the penultimate paragraph of Instruction 6–37, Courts-Martial Instruction Guide, Air Force Manual 111–2, 15 October 1971, should be omitted when the trial judge determines it appropriate to give the clemency instruction to court members. *See, United States v. Keith*, 22 U.S.C.M.A. 59, 46 C.M.R. 59 (1972).

**6.** Examples of permissible future contingencies include: good post-trial conduct, *United States*

*v. McBride*, 50 C.M.R. 126 (A.F.C.M.R.1975); cooperation with law enforcement authorities, *United States v. Bender*, 1 M.J. 900 (A.F.C.M.R. 1976); and restitution to victims, *United States v. Turner*, 14 U.S.C.M.A. 435, 439, 34 C.M.R. 215, 219 (1964).

**7.** The sentencing authority at a court-martial does not have the power to suspend any portion of the adjudged sentence. *United States v. Occhi*, 2 M.J. 60 (C.M.A.1976). Thus, a recommendation to suspend any portion or all of the adjudged sentence will not impeach the sentence provided it is clear that the appropriateness of the adjudged sentence is not contingent upon the implementation of the clemency recommendation. *See United States v. Williams*, 2 M.J. 74 (C.M.A.1976).

is appropriate as announced, and not one which will become appropriate only if the recommended clemency action is implemented by higher authority. *United States v. Cavallaro, supra.* The sentencing authority must presume that the clemency recommendation, whether or not contingent upon future events, will *not* be adopted by higher authority, and impose a fair and just sentence accordingly. If, based upon the matters presented in court, the sentencing authority does not believe a particular type or portion of punishment, unsuspended, is appropriate, fair, and just, then it may not be adjudged, with or without a contemporaneous recommendation for its suspension.[8]

While a rehearing on sentence, limited to the unimpeached portion of the adjudged sentence is permissible, we deem it unnecessary in view of the fact that the unimpeached portion of the sentence is lenient and has already been served by the accused. Instead, having found them impeached by the military judge, we hereby set aside the bad conduct discharge, the forfeitures, the reduction in grade, and the confinement at hard labor in excess of three months. The findings of guilty, and so much of the sentence as provides for confinement at hard labor for three months are

AFFIRMED.

EARLY, Chief Judge, and POWELL, Judge, concur.

---

8. *United States v. Rector,* 49 C.M.R. 117 (A.C. M.R.1974). In the case at hand the convening authority did not implement any of the military judge's recommendations for clemency. Even if he had, however, the result would be the same, because the impeached portion of the sentence was improperly *adjudged. Id.*