DECISION
MURDOCK, Judge:
Appellant was convicted, contrary to his pleas, of several specifications of use and distribution of marijuana. He was tried by a court consisting of members. When the President read the sentence, he stated, in pertinent part, that the court sentenced the appellant:
[t]o be discharged from the service with a bad conduct discharge; however, clemency should be considered by the convening authority; to be confined at hard labor for 3 months; and to be reduced to the grade of E-l.
Appellant now asserts that the form of the sentence may be inconsistent or ambiguous since it includes a contemporaneous recommendation for clemency, citing United States v. Doherty, 5 U.S.C.M.A. 287, 17 C.M.R. 287 (1954) and United States v. Kaylor, 19 U.S.C.M.A. 139, 27 C.M.R. 213 (1959). In Kaylor, the United States Court of Military Appeals stated that it did not intend to discourage clemency recommendations where appropriate, and pointed out that the Kaylor case did not “affect the situation where the court-martial recommends clemency in the form of a suspension or conditional remission of a discharge.” The Court mentioned that there is no way a court-martial can accomplish a suspension of a punishment other than by recommending clemency. What the Court has held to be inconsistent is adjudging a sentence and recommending at the same time that it be remitted. Recommending *372 that the sentence just imposed be remitted is inconsistent because the same result could be accomplished by not adjudging the punishment in the first place. It is this inconsistency that is undesirable in court-martial sentences because it casts doubt on the sentence’s validity.
In the present case the court members did not recommend that their sentence be remitted. Rather, they recommended that the convening authority exercise some appropriate unspecified clemency. The court was fully instructed, partly pursuant to their request for more information, on all aspects of sentencing including the types of discharges permissible, and how a recommendation for an administrative discharge or disapproval of the discharge was inconsistent with a punitive discharge. There is no evidence that they did not understand or that they failed to follow their instructions.
We hold that the unspecified recommendation for clemency did not make the sentence inconsistent or ambiguous. Accordingly, the findings and the sentence are
AFFIRMED.
HODGSON, Chief Judge, and FORAY, Senior Judge, concur.