**UNITED STATES**

v.

**Staff Sergeant Garry J. GROVEMAN,
FR 074–48–6435, United States
Air Force.**

**ACM 26180.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 3 June 1987.

Decided 20 Jan. 1988.

Appellate Counsel for the Appellant: Louis P. Font, Cambridge, Massachusetts, Colonel Leo L. Sergi and Major William J. Reichart.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Marc Van Nuys.

Before SESSOMS, LEWIS and BLOMMERS, Appellate Military Judges.

### DECISION

**PER CURIAM:**

The appellant pleaded not guilty to premeditated murder of a master sergeant and aggravated assault causing grievous bodily harm to the same victim. A panel of members found him guilty of the lesser included offense of unpremeditated murder and of aggravated assault as alleged. The prosecution theory, supported by the evidence, was that the appellant aided and abetted the primary assailant, a Staff Sergeant Poertner, in beating the victim and subsequently stabbing him to death. The approved sentence is a dishonorable discharge, confinement for 20 years, forfeiture of all pay and allowances and reduction to airman basic.

Appellate defense counsel have asserted eight assigned errors. We decide them adversely to the appellant. One of the

assignments, relating to sentencing evidence, merits discussion.

Appellate defense counsel argue that the military judge erred in admitting victim impact evidence in light of the Supreme Court's recent ruling in *Booth v. Maryland*, — U.S. ——, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987). In that case Justice Powell, writing for the majority of five, broadly criticized the value of victim impact information while observing that it is of marginal relevance and has an inherent tendency unduly to inflame the emotions of those imposing sentence on a convicted accused. The express holding in *Booth* is much narrower, however. The Court held a Maryland statutory requirement for the presentation of a victim impact statement in felony cases violative of the Eighth Amendment in a capital murder trial. The majority specifically excepted noncapital cases from the reach of its pronouncement. The appellant before us was not subjected to the risk of the death penalty. Thus, *Booth*, while instructive as a statement of general policy, has no direct applicability to the case at hand.

■ We look for our guidance in this matter to *United States v. Pearson*, 17 M.J. 149 (C.M.A.1984). Therein the Court endorsed the introduction of victim impact information as aggravation evidence following the accused's conviction of negligent homicide, while setting some broad parameters for its use in courts-martial. The Court acknowledged that those who have the responsibility for imposing sentence may do so more intelligently "when they are aware of the full measure of loss suffered by all the victims, including the family and the close community." 17 M.J., at 153. The military judge is vested with discretion in admitting such evidence but must insure that it is not of a nature to inflame the members unduly so as to interfere with their independent function of adjudging a just and appropriate sentence. In this context, the Court cautioned: "Even relevant evidence must be excluded if its tendency to inflame the passions of the court exceeds its probative value. Mil.R. Evid. 403." *Id.*

■ That portion of the victim impact evidence to which the trial defense counsel objected consisted of what was referred to as the victim's "diary." The diary contained handwritten notebook entries which commemorated major milestones, such as assignment and promotion notifications, during the victim's nearly 15–year Air Force career. The diary was introduced through the testimony of the victim's older sister, who also described the impact of her brother's untimely death on the members of his family. The specific objection posed at trial was that the diary was cumulative of the victim's performance reports, which were also admitted. Based on our review of the record we are satisfied that the military judge did not abuse his discretion in allowing this information to be presented to the members. The victim impact evidence in this case was neither calculated nor did it have a tendency to inflame the emotions of the members and to interfere with their independent judgment in arriving at a sentence for the appellant. The court members were not invited to redress the wrong befalling the victim's loved ones, but rather to perform their proper role as representatives of the conscience of the community at large. *United States v. Pearson, supra.*

We have examined the record of trial, post-trial clemency submissions, the assignment of errors and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. M.C.M., Part IV, paragraph 43c(3)(c) (1984); R.C.M. 1008; R.C.M. 1105(b)(4) and Discussion; *United States v. Huber*, 12 U.S.C.M.A. 208, 30 C.M.R. 208 (1961). Accordingly, the findings of guilty and the sentence are

AFFIRMED.