### STATE OF INDIANA v. JONES.

[No. 23,100.   Filed October 11, 1916.]

PERJURY.—*Affidavit for a Continuance.*—*Evidence.*—Where a defendant in a criminal case makes an affidavit for a continuance on account of absent witnesses, and states therein, as required by the statute (§2089 Burns 1914, Acts 1905 p. 631) concerning the subject of continuances, the facts to which the absent witnesses would testify if present and that he believes such facts to be true, the affiant may be convicted of perjury, if it be proven that such facts were untrue to his knowledge at the time the affidavit was made, even though the witnesses named would testify to the facts stated in the affidavit in the belief that they were testifying truthfully, and any evidence, otherwise competent, tending to prove the falsity of the statements sworn to in the affidavit is admissible.

From Knox Circuit Court; *Benjamin M. Willoughby*, Judge.

Prosecution by the State of Indiana against Charles Jones. From a judgment of acquittal, the State appeals. *Appeal sustained.*

*Evan B. Stotsenburg*, Attorney-General, *Omer S. Jackson* and *Wilbur T. Gruber*, for the State.
*Wade & Padgett* and *Harry R. Lewis*, for appellee.

LAIRY, J.—Appelle was tried in the court below on the charge of perjury, and was acquitted. The State appeals on reserved questions of law.

The offense charged is based on an affidavit made by appellee and filed in another case wherein

he was charged with keeping a house of prostitution. In that case a motion for a continuance was filed, based upon the absence of certain witnesses whose attendance could not be procured at the trial. In support of such motion appellee filed an affidavit, in which he stated, among other things, the names of the witnesses and the facts to which they would testify if present; that the facts to which they would testify were true, and that he could not prove such facts by any other witness whose attendance could be procured.

The facts to which such witnesses would testify as shown by the affidavit, if true, would have constituted a complete defense, by showing that he had nothing to do with conducting the house of prostitution, but that it was conducted by his wife, Dora B. Jones; that he had not been in or about the house operated by his wife for two years prior to the return of the indictment, except on four or five occasions, when he went there to endeavor to persuade his wife to give up the business and come and live with him at some other place, promising to make a living for her in an honorable way; that on such occasions he was present for only fifteen or twenty minutes at a time, and that he had nothing to do with managing the house and received no part of the proceeds.

In the case at bar the indictment charges that said affidavit was falsely and corruptly made; that appellee swore therein that the facts to which such witnesses would testify as stated therein were true, whereas such facts were false and were known to be false at the time he made the affidavit. The concluding part of the indictment upon which appellee was tried in this case is as follows: "Whereas in truth and in fact during all of the two years next prior to the return of the indictment mentioned

in said affidavit, the said Charles Jones was in the house described in said affidavit as the 'Bungalow' more than three or four or five times and whereas in truth and in fact on divers occasions while there during the said period of two years prior to the return of said indictment he the said Charles Jones stayed more than fifteen or twenty minutes at a time, and whereas in truth and in fact the said Charles Jones did conduct, manage and operate said house and the business therein within the two years prior to the return of said indictment and that the said Charles Jones then and there well knowing that the said matters so as aforesaid deposed and declared by him to be true were then and there false, did then and there feloniously, willfully, corruptly and falsely swear and declare them to be true as aforesaid, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana.''

Upon the trial the State proceeded upon the theory that the indictment could be sustained as to the falsity of the affidavit by proof that the facts were untrue which the appellee had stated in his affidavit would be sworn to by the several witnesses in the event the case was continued so as to enable him to procure their attendance. Upon this theory the State offered evidence to prove that appellee was present at the house kept by his wife on numerous occasions within the two years preceding the return of the indictment, and that he stayed much longer than fifteen or twenty minutes at a time, sometimes staying there all night with his wife, and frequently taking his meals there. Evidence was also offered to prove that he gave directions to the cook to cut down the expenses in the kitchen, and that he stated to an officer, on one occasion when he was arrested in the house for intoxication,

that it was his house, and that the officer had no right to take him away from it.

The defense objected to all this testimony, on the ground that it was not material whether the facts stated in the affidavit as those to which the absent witnesses would testify were true or false, the claim of the defense being that it was necessary for the State to prove that such facts were false from the standpoint of such absent witnesses. In other words, it was the contention of the defense that, if it were true that the witnesses named would testify to the facts stated in the belief that they were testifying truthfully, the defendant could not be convicted of perjury in making the affidavit even though he knew at the time of making it that such facts were untrue. The trial court sustained the objections of the defendant to this evidence and to other evidence of a like nature offered by the State, and at the conclusion of the evidence directed the jury to return a verdict for the defendant, which was accordingly done.

The court erred in excluding evidence of this character. Appellee swore by his affidavit that the facts to which the several witnesses would testify as stated therein were true. If those facts were untrue and were known to be untrue at the time he made the affidavit, he might have been convicted of perjury by proof of such facts, together with other facts necessary to sustain the indictment. When a continuance is sought in a criminal case on the ground of an absent witness, the statute requires that the affidavit shall state the facts to which such witness will testify and that affiant believes such facts to be true. These are material parts of the affidavit. §2089 Burns 1914, Acts 1905 p. 631. If the State desires to avoid the continuance, it must admit that the facts stated in the affidavit

as the evidence of the absent witness are true. §2089 Burns 1914, *supra.* If such admission is made by the State, it can not offer evidence to dispute such fact or to impeach the credibility of the absent witness. *Powers* v. *State* (1881), 80 Ind. 77.

The State should have been permitted to offer evidence to prove that the things which appellee stated in his affidavit for a continuance to be true were false, and known by him to be so at the time he made the affidavit. §2162. Burns 1914, Acts 1905 p. 647.

Appeal sustained.

NOTE.—Reported in 113 N. E. 755. See also 30 Cyc 1406. 122 Am. St. 745.