UNITED STATES, Appellee

v

CAREY SMITH, Private, U. S. Army, Appellant

9 USCMA 236, 26 CMR 16

No. 10,408

Decided May 9, 1958

First Lieutenant William H. Carpenter argued the cause for Appellant, Accused. With him on the brief was Major Edward Fenig.

Major Thomas J. Nichols argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel John G. Lee and First Lieutenant William H. Keniry.

ROBERT E. QUINN, Chief Judge:

The accused was convicted of two charges alleging violations of the Uniform Code of Military Justice. One specification of Charge I alleges perjury in that the accused, in violation of Article 131, Uniform Code of Military Justice, 10 USC § 931, willfully testified falsely on a material matter at his trial by special court-martial. On review, a board of review dismissed the second charge on the ground that it failed to allege an offense, and held that the instruction on the perjury charge was erroneous. However, the board of review determined that the evidence and the instructions were sufficient to support a finding of guilty of false swearing, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, as a lesser included offense to that charged. We granted review to consider the correctness of the board of review's decision.

The first question for our consideration is whether false swearing in a judicial proceeding is an offense under the Uniform Code. The accused contends that it is not. His contention is based upon the theory that Congress intended to limit prosecution for a false oath in a judicial proceeding to Article 131 which defines the offense of perjury. Stated differently, the accused maintains that since he is charged with giving a false oath in a judicial proceeding he must be convicted of perjury under Article 131 or acquitted.

False swearing and perjury are often used interchangeably. See State v Dowd, 201 NC 714, 161 SE 205; Ray v Times Pub. Co., 12 SW2d 165 (Tex Com App). They are, however, different offenses. For present purposes, we may emphasize the difference by noting that perjury, as defined at common law and under the provisions of Article 131, requires that the false statement be made in a judicial proceeding and be material to the issue, whereas these matters are not part of the offense of false swearing. See 70 CJS, Perjury, § 1, pages 457, 459.

False swearing was an offense at common law. See State v Coleman, 117 La 973, 42 So 471. It has been recognized as an offense in military law (Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, page 730, footnote 62) and since 1921 has been explicitly spelled out in the Manual for Courts-Martial, U. S. Army.

The fact that false swearing may be a cognizable offense in military law, however, does not provide a complete answer to our problem. We must still determine whether it can be committed in the course of a judicial proceeding. The Manual for Courts-Martial, United States, 1951, paragraph 213$d$(4), provides that false swearing may consist "in giving false testimony in a judicial proceeding . . . on other than material matters." The offense has also been regarded as lesser included in a charge of perjury. Ibid, Appendix 12, page 540; Dig Op, JAG 1912–1940, § 451, page 331; United States v Stradear, 31 BR (ETO) 101. Civil authorities seem to be divided on the issue. In State v Spencer, 101 Utah 274, 117 P2d 455, reh den, 101 Utah 287, 121 P2d 912, the Utah court referred to the state statutes defining perjury in the first and second degree. The former required a false oath on a material matter in an action or special proceeding; the latter defined the offense as one committed under circumstances not amounting to perjury in the first degree. The court held that the two offenses were separate and distinct and that one was not included in the other. Apparently to the same effect are Warren v State, 51 Tex Cr 262, 122 SW 541, and O'Bryan v State, 27 Tex App 339, 11 SW 443, which construe the Texas statute on false swearing as being limited to a false oath in a nonjudicial proceeding. Other state courts have held that false swearing is included within perjury. Weiner v Commonwealth, 221 Ky 455, 298 SW 1075, overruling earlier cases to the contrary; People v Samuels, 284 NY 410, 31 NE 2d 753.

Fundamentally, the decisions turn on the construction of different statutes. Article 131 prohibits false testimony in a "judicial proceeding or in a course of justice." If, therefore, a false statement is made under oath in a judicial proceeding, it must meet the requirements for perjury under the Article or no offense has been committed.

The decision of the board of review is reversed. The record of trial is returned to the board of review for action consistent with this opinion.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

A study of the board of review decision in this case convinces me that that tribunal erroneously ▉▉▉▉▉▉ felt bound in law to reduce the court-martial's findings of perjury to the lesser included offense of false swearing. However, because the principal opinion does not discuss this important and essential aspect of the case, preferring to level an assault against the crime of false swearing, I will confine my remarks to that issue.

After dealing generally with the offenses of perjury under Article 131 and false swearing under Article 134 of the Uniform Code of Military Justice, 10 USC §§ 931 and 934, respectively, the Court's opinion reaches the conclusion which is expressed in the following language:

"Fundamentally, the decisions turn on the construction of different statutes. Article 131 prohibits false testimony in a 'judicial proceeding or in a course of justice.' If, therefore, a false statement is made under oath in a judicial proceeding, it must meet the requirements for perjury under the Article or no offense has been committed."

I fail to grasp what underlying rule of statutory construction or logic is used to reach that holding, which I am certain cannot be supported by authorities on military law. As a matter of fact, the principal opinion recognizes that Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, and all

Army and Air Force Manuals since 1921 have firmly supported the principle that false swearing is an offense different from perjury and that either offense may be committed in a judicial proceeding. Those authorities indicate the crime of false swearing has never been taken out of the courtroom, and I find no cogent reason for us to overturn this military rule of long standing.

We have frequently recognized that Article 134, supra, covers offenses not specifically defined in other punitive Articles, and false swearing has long been considered an offense proscribed by the general Article. Perjury, on the other hand, has been covered by a separate Article and, at least since 1928, it has involved an element or elements not common to false swearing. In that regard, on page 191 of the Manual for Courts-Martial, U. S. Army, 1928, I find the following discussion of false swearing:

"Depending on the circumstances and place of commission, false swearing may be punishable as a crime under the third clause of A. W. 96, or as conduct to the prejudice, etc., under the first clause, or as conduct of a discreditable nature under the second clause. *It may consist, for example, in giving false testimony in a judicial proceeding or course of justice on other than material matters* or in making a false oath to an affidavit. It is not necessary that the proceeding in which the oath is taken should be a judicial proceeding. The oath may be taken before any person authorized by law to administer oaths; and a court-martial will take judicial notice of the qualifications of such persons to administer oaths." [Emphasis supplied.]

It is interesting to note that on page 255 of the Manual of that year, in the form specification for this offense, there can be found a specific reference to false testimony before a court-martial. It reads as follows:

"142. In that —— did, at ——, on or about ——, 19 —, (in an affidavit) (in his testimony before a —— court-martial at the trial of ——) (in ——) make under

238

oath a statement in substance as follows: (——) which statement he did not then believe to be true."

Compare the above with the discussion of perjury found in the same Manual:

"Perjury is the willful and corrupt giving, upon a lawful oath, or in any form allowed by law to be substituted for an oath, in a judicial proceeding or course of justice, of false testimony material to the issue or matter of inquiry. (Clark.) 'Judicial proceeding or course of justice' includes trials by courts-martial. (Wharton Crim. Law.)" [Manual for Courts-Martial, U. S. Army, 1928, page 174.]

Significantly, there has been no important change over the years as both perjury and false swearing are discussed in the current Manual in substantially the same manner as in previous editions. There follows the latest pronouncement on those offenses:

"**Discussion.**—Article 131 defines perjury as willfully and corruptly giving, in a judicial proceeding or course of justice and upon a lawful oath or in any form allowed by law to be substituted for an oath, any false testimony material to the issue or matter of inquiry. 'Judicial proceeding' includes a trial by court-martial and 'course of justice' includes an investigation conducted under Article 32." [Manual for Courts-Martial, United States, 1951, page 375.]

In the foregoing quotation, the phrase "judicial proceeding" is defined to include a court-martial and, unless the contrary is made to appear, it may be assumed that when used in other places in the Manual, the same definition was intended. Especially in the case of these two offenses, other portions of the Manual give credence to the contention that no difference was intended. To support the latter conclusion, I first quote the present Manual on false swearing:

"**Discussion.**—False swearing is the making under lawful oath of any statement, oral or written, not believing the statement to be true. It

may consist, for example, in giving false testimony in a judicial proceeding or course of justice on other than material matters or in making a false oath to an affidavit. It is not necessary that the proceeding in which the oath is taken should be a judicial proceeding or course of justice. The oath may be taken before any person authorized by law to administer oaths. See Article 136 and chapter XXII as to the authority of certain persons to administer oaths, and see 147a as to taking judicial notice of the signatures of persons authorized to administer oaths. An oath includes an affirmation when the latter is authorized in lieu of an oath." [Manual for Courts-Martial, United States, 1951, paragraph 213d (4).]

It will be noted that in this discussion on false swearing, the phrase "judicial proceeding" is again used. It is not limited in any way by other provisions, and I see no reason not to give the words their ordinary meaning or to disregard the definition found in the discussion on perjury, supra. Furthermore, form specification 139, Appendix 6c, Manual for Courts-Martial, United States, 1951, entitled "False Swearing" specifically enumerates testimony before courts-martial. Finally, a reference to Appendix 12 of the present Manual, which shows commonly included offenses, provides that false swearing is a lesser included offense of perjury.

From all of the foregoing, it should be apparent that either perjury or false swearing can be committed by a person testifying falsely before a court-martial, the difference between the two being determined by the materiality of the testimony to the issue being tried. Certainly, it is paradoxical to hold, inferentially or otherwise, that to falsify outside of a judicial proceeding may be a disorder or discrediting to the service, but the same false statements, if made in a court-martial, would be no offense. The integrity and dignity of the judicial proceedings ought to dictate to the contrary.

For the foregoing reasons, I am not willing to concur in a view which writes out of military law a well-recognized and long-used military offense.