## UNITED STATES

v.

**Benjamin R. KENNEDY, 410 04 5753, Airman Apprentice (E–2), U. S. Naval Reserve.**

**NMCM 81 0932.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 12 Sept. 1980.

Decided 30 Oct. 1981.

LCDR Patrick A. Fayle, JAGC, USN, Appellate Defense Counsel.

LT Thomas P. Murphy, JAGC, USNR, Appellate Defense Counsel.

LT J. G. VanWinkle, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BOHLEN and E. M. BYRNE, JJ.

PER CURIAM:

At a special court-martial bench trial appellant pleaded guilty to six specifications of false swearing, violations of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934; appellant also pleaded not guilty to a seventh specification of false swearing and an alleged 20 day unauthorized absence, a violation of Article 86, UCMJ, 10 U.S.C. § 886. The trial judge found appellant guilty of the unauthorized absence and six specifications of false swearing, as pled. Appellant was sentenced to four months confinement at hard labor, forfeiture of $295.00 pay per month for four months, reduction to pay grade E–1, and a bad-conduct discharge. The sentence was approved by the convening authority, but confinement and forfeitures in excess of ninety days were suspended for one year from the date of trial, pursuant to the pretrial agreement. The supervisory authority approved the sentence as modified by the convening authority.

Appellant assigns ten errors for our consideration. We reject Assignments of Error II, V through VIII, and X without discussion. We requested supplemental briefs on another issue. A brief discussion of the remaining assignments of error and the issue specified by the Court follows:

### A.

### I and IV

In Assignment of Error I appellant urges that his false swearing guilty pleas were improvident because during the providence inquiry the military judge failed to ask him, among other things, whether the statements in question were false in their entirety. Summary Assignment of Error IV contends that the military judge's find-

ings with respect to four false swearing specifications were erroneous since the alleged statements were not false in their entirety. Both assignments of error present this Court with one issue for resolution: whether to constitute the crime of false swearing, the statement in issue must be false in its entirety. After close examination of the military and civilian cases which comprise the law of false swearing and the closely related crime of perjury, we must conclude that a statement need not be false in its entirety to constitute the offense of false swearing.

Appellant had been enlisted by the Naval Investigative Service (NIS) to engage in illicit drug transactions with certain named individuals on board a local airfield. An NIS agent supplied appellant with purchase money and explained that the transactions were to be witnessed by another named informant. In a single interview on 17 March 1980, under oath, appellant described three separate drug transactions which had occurred over the previous two week period. Appellant admitted that he had entirely fabricated statements regarding one of those transactions, the subject of specifications 5 and 6 of Charge I. Under oath, appellant falsified in part statements concerning the remaining transactions. The subject statement of specification 1 of Charge I properly related the seller and the subject of the sale but falsely described the place of the sale and improperly stated that a certain witness was present. This same pattern of true seller, false location, and non-existent witness emerged at trial upon inquiry into the statements regarding the third transaction. The military judge recognized the trichotomy during the providence inquiry and pressed appellant for an explanation. Appellant admitted fabricating the details of the witness' presence and place of transaction to satisfy the NIS requirement that the transactions be witnessed. On 24 March 1980, in a similar sworn interview with the same NIS agent, appellant related that he had purchased some amphetamines from a certain dealer. During the providence inquiry appellant admitted that the only false portion of the statement was the drug's purchase price. Appellant had actually paid $10.00 for the drug, but he told the NIS agent that $25.00 of NIS purchase money was spent in the transaction. Appellant had pocketed the difference.

The Government could find no authority on the issue of the requisite degree of falsity necessary for a false swearing violation; indeed, appellant cites no authority for the proposition that a partial truth does not constitute a criminal act of false swearing. Nevertheless, analysis of the closely related crime of perjury lends guidance in this area.

■ False swearing and perjury are often used interchangeably, but they are different offenses. *United States v. Smith*, 9 U.S.C.M.A. 236, 237, 26 C.M.R. 16, 17 (1958). Generally speaking, however, the same rules which measure the sufficiency of proof in perjury cases apply in instances of false swearing. *United States v. Purgess*, 13 U.S.C.M.A. 565, 566, 33 C.M.R. 97, 98 (1963). The close relationship between these two crimes is reflected in the cross reference notations from paragraph 213*f*(4), *Manual for Courts-Martial, 1969 (Rev.)* (MCM): Discussion of Proof for False Swearing, to paragraph 210, MCM: Discussion of Proof for Perjury.

■ Perjury as defined by common law and the UCMJ requires that the false statement be made in a judicial proceeding and be material to the issue at hand, whereas these requirements do not apply to the offense of false swearing. *Smith, supra*, at 237, 26 C.M.R. at 17. False swearing, however, is not a lesser included offense of perjury. *Id.*, at 238, 26 C.M.R. at 18; paragraph 213*f*(4), MCM. The required ingredient of falsehood is analogous and equivalent for both offenses. *See Analysis of Contents, Manual for Courts-Martial* (1971), DA Pamphlet No. 27–2, p. 28–19; 70 C.J.S. *Perjury*, § 1 (1951); 60 Am.Jur.2d *Perjury*, § 2 (1972). Consequently, the elemental differences between these two offenses do not affect the present issue.

■ In order to constitute perjury or false swearing the matter sworn to must be

false in fact. *United States v. McCarthy*, 11 U.S.C.M.A. 758, 761, 29 C.M.R. 574, 577 (1960); 70 C.J.S. *Perjury*, § 8. The truth or falsity of the statement must be judged from the facts existing at the time of the utterance. *Smith v. United States*, 169 F.2d 118 (6th Cir. 1948). Neither perjury nor false swearing can be based on statements which are technically, literally, or legally true. *Purgess, supra* at 568, 33 C.M.R. at 100.[1]

A few state and federal cases directly address the degree of falsity necessary for criminal liability. It is not essential to constitute perjury that the statement be false in all respects, provided it is false in at least one material aspect. *United States v. Haldeman*, 559 F.2d 31 (D.C.Cir.1976), *cert. denied* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977); *Cox v. State*, 164 Ark. 126, 261 S.W. 303 (1924); *State v. Jones*, 185 Ind. 234, 113 N.E. 755 (1918).

Based upon this rationale an Indiana appellate court upheld a trustee's false swearing conviction arising from statements made in a fiduciary accounting affidavit. In the affidavit the trustee announced, among other items, that certain properties had been sold for a certain sum. The amount recorded was different from the amount actually received. All other transactions recounted in the affidavit were accurate. Appellant argued that the land sale entry in question was literally accurate except for the amount recorded as received and that the entire remainder of a lengthy accounting was portrayed accurately. The court was not impressed. Noting that the false portion of the fiduciary affidavit addressed an essential purpose of the document and citing the *Jones* rule, *supra*, Ind. 185 at 236, 113 N.E. at 757, that "it is not necessary that the statement be false in all

respects," the court upheld conviction for false swearing. *Harrison v. Indiana*, 231 Ind. 147, 106 N.E.2d 912 (1952).

The logic of this reasoning and rule is persuasive. While not a direct requirement of false swearing, a partial falsehood often times pertains to some material purpose of the inquiry. The effect of the lie, the nature and purpose of the inquiry, the general circumstances surrounding the statement, and the intentions of an accused are all helpful factors for a proper analysis of the element of criminal falsification. Once, however, a conscious falsehood is sufficiently proved, the element of falsity is complete, regardless of the degree, proportion, or effect of the lie. The gist of the crime of false swearing is that an oath to tell the truth has been knowingly violated. *McCarthy, supra*, at 761, 29 C.M.R. at 577. The statement need not be false in its entirety.

■ In this instance, by judicial admission, appellant acknowledges that he intentionally lied to deceive an NIS agent and thereby thwart the criminal investigation in which he was involved. The fabrications included amounts of money and contraband exchanged, names of witnesses and sellers, as well as the places of transaction. Some of these factors are by themselves essential to the success of the NIS investigation; others are not, but when they are taken in conjunction the final result is lost time, money, and investigative effort. Appellant admitted knowing that only certain portions of his statement were false and explained to the trial judge the particular reasons why those details were consciously falsified. The offense was committed to protect himself, certain friends, and to cover up the illicit use of NIS purchase money. Once this information was elicited, the trial

---

1. Discussion of this principle is not as closely related to the present issue as might appear. This rationale does not affect or apply to the requisite degree of falsity, but rather to the issue of falsehood in fact, especially as it might relate to a specific question requiring a specific response. Ambiguous questioning techniques, unresponsive answers or simple misunderstood inquiries and answers are the substance of the line of perjury cases cited in *United States v.*

*Purgess*, 13 U.S.C.M.A. 565, 33 C.M.R. 97 (1963). In such instances, the nature of the question, the significance of the answer and any interpretation placed upon the nature of the question by the accused are generally issues for the trier of fact. *See United States v. Bronston*, 409 U.S. 352, 359, 93 S.Ct. 595, 600, 34 L.Ed.2d 568 (1973); *United States v. Alberti*, 568 F.2d 617 (2nd Cir. 1977).

judge had sufficient information to believe that each and every requirement for the element of falsity required by false swearing was adequately fulfilled. Accordingly, Assignments of Error I and IV are without merit.

### B.

### III

Citing paragraph 26*b*, MCM, appellant contends in Assignment of Error III that specifications 1–6 of Charge I constitute an unreasonable multiplication of charges. We find that some, but not all, of the specifications are multiplicious.

■ One transaction, or what is substantially one transaction, should not be made the basis for an unreasonable multiplication of charges against one person. Paragraph 26*b*, MCM. As noted earlier in the account of facts surrounding appellant's offense of false swearing, appellant discussed three different drug transactions during one interview. Factors from two of these transactions, however, are alleged in multiple specifications.[2] Charge I, dealing with three separate drug transactions, should have contained only three specifications, one each for the falsehoods relating to the subject matter of each different transaction. The single oath and statement do not comprise the crime of false swearing. The separate subject matter transactions of that statement comprise the particular violations of Article 134, UCMJ.

In the analogous situation of criminal perjury, the federal criminal system permits multiple counts of perjury for the false representation of more than one subject matter at a single hearing. The maximum sentence may be imposed for each count. *See Seymour v. United States*, 77 F.2d 577 (8th Cir. 1935); *Richards v. United States*,

408 F.2d 884 (5th Cir. 1969), *cert. denied* 395 U.S. 986, 89 S.Ct. 2148, 23 L.Ed.2d 775 (1970). The military justice system follows this rule. *See United States v. Chinea*, 16 C.M.R. 331 (A.B.R.1954); *United States v. Moore*, No. 72 2393 (N.C.M.R. 30 March 1973) (unpublished). The close relationship between perjury and false swearing, discussed *supra*, permits an analogous rule. Therefore, where different specifications of false swearing reflect different events from a single sworn statement, those specifications are not considered multiplicious.

### C.

### IX

■ Appellant contends in Assignment of Error IX that the convening authority improperly ordered appellant's sentence executed. The Government agrees with appellant's contention. We note the purported execution of the sentence by the convening authority is a nullity since it includes an unsuspended bad-conduct discharge which had not been finally reviewed on the date of his action. Article 71(c), UCMJ, 10 U.S.C. § 871(c); paragraph 81*d*, MCM; *United States v. Saiz*, No. 79 1640 (N.C.M.R. 28 March 1980) (unpublished).

### D.

#### Supplemental Issue

■ The Court requested supplemental briefs on the following issue:

Whether the military judge impeached his sentence and abdicated his responsibility by adjudging a sentence which, on the basis of the information he had, he considered to be inappropriate, in reliance upon mitigating action by the convening authority.

We do not believe the military judge impeached his sentence.

---

2. Specification 3, Charge I, recounts the false location of a drug transaction occurring on 7 March 1980. Specification 4, Charge I, falsely relates the presence of a witness at the same 7 March 1980 transaction. Specification 5, Charge I, is false in its entirety and involves a 10 March 1980 drug transaction. Specification 6, Charge I, falsely recounts the presence of a witness to the same 10 March 1980, transaction. Specification 1, Charge I, discusses a separate drug transaction involving different parties, places and items of contraband. Specification 2, Charge I was dismissed. Specifications 3 and 4 should merge into one allegation of false swearing, as should specifications 5 and 6.

The accused, an NIS informant, stated during the providence inquiry that he had been given the names of certain individuals from which to make controlled buys and that he provided the false information to "satisfy" the NIS agent. (R. 15–16, 21). After the sentence was announced, the trial judge remarked:

MJ: Now I'm really rather disturbed by some of the statements in his testimony that he's made concerning the circumstances surrounding these false statements. If there's any foundation to that, that is, if the NIS or Mister M. himself, puts sufficient pressure on either this individual or informants in general, that may precipitate, I'm not going to attribute to Mister M. that he would ask anybody to deliver up any false evidence, and I'm not saying that, but if there is sufficient pressure put on informants that they feel that they have to do that somehow, if they can't get anything done actually, ah, if there's foundation to that, I'm going to recommend to the convening authority in his case that he suspend the imposition of the bad conduct discharge in the case of Airman Apprentice Kennedy, and I also recommend that the trial counsel bring this matter to the attention of the convening authority before he gets this record of trial so he may examine in to this to see if there is any foundation to that at all, what kind of pressures, if any, are put on the informants that work for Mister M. That really disturbs me. . . . (R. 42).

Subsequently, an affidavit by Mister M., the NIS agent mentioned during the providence inquiry, was submitted to the convening authority as recommended by the trial judge. Appellant was given an opportunity to comment pursuant to paragraph 85*b*, MCM, and JAGMAN, § 0123(f). Appellant's response was in his clemency request to the convening authority. The convening authority, however, concluded in his action that:

The recommendation by the military judge concerning the suspension of the punitive discharge has been considered. The circumstances surrounding the false statement has [sic] been inquired into and it has been determined that no improper influence was applied to Kennedy to induce the false statements.

In context, the accused's pleas of guilty were not rendered improvident by his statements. We hold that the post-sentence comment by the military judge was a statement of future intention. The military judge stated he would *recommend* that the convening authority suspend the bad-conduct discharge *if* there was any foundation to the accused's allusions that pressure was placed on him. The military judge asked the trial counsel to request the convening authority to "examine" the matters to which the accused alluded. He did, and found no "improper influence" exerted upon the accused. We do not see how, under the circumstances, the military judge could impeach his sentence as he was merely stating he would make a *recommendation to suspend*, if certain facts proved true.

Accordingly, the findings and sentence as approved on review below are affirmed.

GLADIS, Senior Judge (concurring/dissenting):

I concur in parts A, B, and C of the court's opinion and join the majority in its action on the findings. I dissent from affirming the sentence, however, because the military judge impeached his sentence and abdicated his responsibility by adjudging a sentence which, on the basis of the information before him he considered to be inappropriate.

To the extent that punishment is discretionary, the sentence should provide a legal, appropriate and adequate punishment. Paragraph 75*a*(1), MCM; *United States v. Rector*, 49 C.M.R. 117 (N.C.M.R.1974).

All persons who have any responsibility in fixing sentences should meet their duty by adjudging a fair and just sentence without regard to any further reductive action that might be taken by another who will subsequently act on the record. *United*

States v. Cavallaro, 3 U.S.C.M.A. 653, 14 C.M.R. 71 (1953). See United States v. Talty, 17 U.S.C.M.A. 491, 38 C.M.R. 289 (1968); United States v. Eskin, No. 79 0061 (N.C. M.R. 2 February 1979) (unpublished).

The pertinent facts show that the military judge effectively impeached the sentence when he awarded a sentence he considered to be inappropriate if the accused's contentions were true. Clearly, the trial judge had serious doubts about the effect on an informant of NIS pressures which might unduly induce some of the false statements under consideration. The military judge had a duty to determine where the truth lay when he found past events to be relevant to sentencing. By referring this matter to the convening authority to ascertain what had previously occurred in order to determine an appropriate sentence, the trial judge abdicated his important duties of fact-finding and sentencing. United States v. Prchal, No. 76 2492 (N.C. M.R. 9 February 1977) (unpublished).

Therefore, I cannot join in affirming the sentence. I would return the record to the Judge Advocate General for transmittal to an appropriate convening authority with direction to either reassess sentence and eliminate the bad-conduct discharge or set aside the sentence and order a rehearing on sentence.