**UNITED STATES**

v.

**Elizabeth C. MILLER, 585 17 8998, Hull Technician Fireman Apprentice (E–2), U.S. Navy.**

**NMCM 84 0603.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 19 Aug. 1983.

Decided 29 May 1984.

LTCOL M.W. Lucas, USMC, Appellate Defense Counsel.

LCDR John B. Holt, JAGC, USN, Appellate Government Counsel.

Before GLADIS, BYRNE* and GARVIN, JJ.

PER CURIAM:

The issue in this case is:

DID THE MILITARY JUDGE IMPEACH HIS SENTENCE, WHICH INCLUDED A BAD CONDUCT DISCHARGE, WHEN HE STATED THAT HE WOULD SUSPEND THE BAD CONDUCT DISCHARGE WERE IT WITHIN HIS POWER TO DO SO?

In his colloquy immediately following the announcement of sentence, the military judge made the following statement:

Were it within the court's power to suspend the bad conduct discharge, the court would, and direct the Convening Authority to consider your performance of duties and situation to determine if an administrative separation is appropriate. However, the court does not have such power. The court can only, therefore, recommend that the Convening Authority consider suspending the bad conduct discharge and—for an appropriate period

* Captain E.M. BYRNE took final action on this case prior to his detachment on 18 May 1984.

of time and consider you for administrative processing.

The appellant now contends that this language impeached the sentence inasmuch as it implies that the military judge did not believe that a sentence which included an unsuspended bad conduct discharge was appropriate. We disagree and hold that the sentence, as awarded, was appropriate and was not impeached by the recommendation for clemency.

■ Contemporaneous recommendations for clemency may be made by a court-martial despite the fact that it lacks the authority to suspend a sentence. *United States v. Kaylor*, 10 U.S.C.M.A. 139, 27 C.M.R. 213 (1959); *United States v. Williams*, 2 M.J. 74 (C.M.A.1976). A recommendation for clemency that is not otherwise within the court's power, or for clemency that is contingent upon an independent factor not before the court, will not normally impair a sentence. *United States v. Kaylor, supra; United States v. Kennedy*, 12 M.J. 620 (N.M.C.M.R.1981); *United States v. Anderson*, No. 69 2862 (N.C.M.R. 18 May 1970). However, a sentence which includes a recommendation for clemency may be improper in a variety of situations.[1]

■ A sentence may be inconsistent if the clemency recommended is based solely upon matters before the court and if the recommended action could have been implemented by the court-martial. *United States v. Kaylor, supra; United States v. Grcich*, 10 U.S.C.M.A. 495, 28 C.M.R. 61 (1959); *United States v. McLaurin*, 9 M.J. 855 (A.F.C.M.R.1980). Further, a sentence is impeached if the court indicates that it feels that the sentence, as awarded, is inappropriate but it expects some form of clemency by the reviewing authority. *United States v. Kaylor, supra; United States v. Cavallaro*, 3 U.S.C.M.A. 653, 14 C.M.R. 71 (1954); *United States v. Beaudet*, No. 70 1185 (N.C.M.R. 24 June 1970). Impeach-

ment, in that situation, results from a misunderstanding or misapplication of the law or of the unbinding nature of the clemency recommendation. *United States v. Turner*, 14 U.S.C.M.A. 435, 34 C.M.R. 215 (1964); *United States v. King*, 1 M.J. 657 (N.C.M. R.1975). As awarded, a sentence must be one that the court deems appropriate, regardless of any future mitigation. Paragraph 76, *Manual for Courts-Martial, 1969 (Rev.)* (MCM); *United States v. Rector*, 49 C.M.R. 117 (N.C.M.R.1974).

■ It can be argued that any time there is a contemporaneous recommendation for clemency, there is an inherent inconsistency that taints the suitability of that sentence. However, so long as the court deems the announced sentence to be appropriate, such a recommendation is proper. To take any other approach would result in an unwarranted chilling effect upon the sentencing authority's ability to make clemency recommendations. *United States v. Kaylor, supra.*

■ It must be recognized that it is possible, in many instances, for more than one sentence to be appropriate. The propriety of a sentence must be considered relative to the limitations on the authority imposing it. Thus, given its lack of authority to suspend any part of a sentence, a punishment awarded by a court-martial is appropriate, despite a recommendation for clemency, so long as the court understood the effect (or lack of effect) that the recommendation would carry. The ability to make such a recommendation is well within the limits of the court. Paragraph 77, MCM. When the sentence is determined by the military judge, any apparent conflict is resolved in favor of the sentence being proper, absent any evidence of impeachment or inconsistency. It is presumed that the military judge applied the correct law. *United States v. Montgomery*, 20 U.S.C. M.A. 35, 42 C.M.R. 227 (1970); *United States v. McLaurin, supra.* To this ex-

---

1. The terms "impeached" and "inconsistent" have been used interchangeably to describe defects in sentencing. More appropriately, impeachment takes place when there is a misapplication of sentencing law or a presence of misconduct. A sentence is inconsistent when the sentence does not reflect the expressed intentions of the sentencing authority.

tent, it is preferable, although not mandatory, that the court clearly state that it considers the sentence to be appropriate regardless of future actions. *See United States v. Williams, supra; United States v. Cimoli,* 10 M.J. 516 (A.F.C.M.R.1980).

 Absent any explicit or implicit impropriety, a recommendation for clemency is merely a suggestion to the reviewing authority that a certain course of action may be appropriate given the broader discretion of that authority. The sentence as adjudged would be appropriate with or without the recommendation.

 In the case *sub judice,* the military judge stated that, *"Were it within the court's power* to suspend the bad conduct discharge, the court would..." (emphasis added). He then went on to say that "... the court does not have such power" and that he therefore *"recommends* that the Convening Authority *consider* suspending the bad conduct discharge and ... *consider* ... administrative processing" (emphasis added). Clearly, this indicates that the military judge understood and applied the applicable sentencing law. The clemency recommendation was merely a suggestion to the convening authority as to possible options that might be considered. His comments did not indicate that, unmitigated, he felt that the sentence was excessive. Under the circumstances, the sentence was neither inconsistent nor impeached by the judge's remarks.

The findings of guilty and sentence, as approved on review below, are affirmed.