UNITED STATES

v.

**Senior Airman Janie C. PENA, FR464–27–0847, United States Air Force.**

**ACM 32372.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 7 May 1996.

Decided 24 March 1998.

Appellate Counsel for Appellant: Colonel Douglas H. Kohrt, Colonel David W. Madsen, Lieutenant Colonel Kim L. Sheffield, and Major Ray T. Blank, Jr.

Appellate Counsel for the United States: Colonel Brenda J. Hollis, Lieutenant Colonel Michael J. Breslin, and Lieutenant Colonel William B. Smith.

Before ROTHENBURG, Chief Judge, SENANDER and SPISAK, Appellate Military Judges.

## OPINION OF THE COURT

SENANDER, Judge.

The appellant was convicted, in accordance with her pleas, by a military judge sitting as a general court-martial, of failure to go to her appointed place of duty, making a false official statement, larceny, forgery, and false swearing. Articles 86, 107, 121, 123, and 134, UCMJ, 10 U.S.C. §§ 886, 907, 921, 923, 934 (1994). Her approved sentence is a dishonorable discharge, 2 years confinement, forfeiture of $500.00 pay per month for 36 months, and reduction to E–1. The appellant asserts six errors. We find the military judge erred in not granting the motion to dismiss a false swearing specification and that Article 57(a) and Article 58b, UCMJ, violate the *Ex Post*

*Facto* Clause of the Constitution as applied to the appellant. We find no merit in the appellant's other assertions. We will dismiss the first false swearing specification, reassess the sentence, and affirm.

## I. BACKGROUND

The appellant was married to Master Sergeant Joseph Rushford for a few months following the birth of two children prior to their marriage. Their divorce was final in July 1994 and Master Sergeant Rushford was awarded custody of the two children. The marriage and the divorce were a source of constant conflict, resulting in their commander ordering both of them to refrain from discussing their marital problems at work, because it was adversely affecting the morale of the unit. Prior to the divorce the appellant presented an official statement to their commander asserting that her husband required assistance on several occasions because he was inebriated. This statement was allegedly prepared by a fellow member of the squadron whose signature was forged by the appellant. This same forged document was also presented to their children's attorney ad litem to influence a custody dispute between the appellant and Master Sergeant Rushford.

In December 1994, the appellant requested that her attorney in California prepare a modification to the original court order that awarded custody to Master Sergeant Rushford. The attorney prepared a document entitled Stipulation and Order to Modify Judgment, Case No. SFL 05136. The document indicated that the appellant would have sole legal and physical custody of the minor children, that her ex-husband have no visitation rights, and that Master Sergeant Rushford pay $625.00 per month in child support. The attorney sent the document to the appellant and she signed her name and forged the name of her ex-husband. When her attorney received the signed document he submitted it to the court and the judge signed the order. The order was then presented to the Defense Finance and Accounting Service (DFAS), which garnished $325.00 from Master Sergeant Rushford's February 1995 mid-month pay check. In addition to garnishing his pay, DFAS notified Master Sergeant Rushford on February 7, 1995, of the garnishment action.

Master Sergeant Rushford who still had custody of the children, but was short $325.00 in pay, reported the matter, resulting in the appellant's general court-martial. The appellant was transferred from Buckley Air National Guard Base to Peterson Air Force Base, Colorado, for trial. While awaiting trial she failed to go to her appointed place of duty on seven occasions between September 25, 1995, and November 27, 1995.

## II. FALSE SWEARING

On January 18, 1996, the appellant's general court-martial convened. The appellant entered a plea of guilty to the charges of forgery, uttering a forged writing and larceny. The military judge conducted a providence inquiry as required by *United States v. Care*, 40 C.M.R. 247, 1969 WL 6059 (C.M.A.1969). The military judge advised the appellant that she would be placed under oath and "if you tell me anything that is untrue, your statements may be used against you later for charges of perjury or making false statements." R.C.M. 910(c)(5). During the providence inquiry the appellant informed the military judge that she had entered into a written temporary agreement that Master Sergeant Rushford signed which granted her physical custody of the children. The military judge made further inquiry and the following dialogue transpired:

MJ: At the time you were divorced who had physical custody of the children?

ACC: At the time we were divorced we both had joint legal custody and MSgt Rushford had physical custody of the children.

MJ: Okay. When did that change? When was there some change giving you a physical custody of the children?

ACC: In November time frame. . . .

MJ: Okay. November 1994, the two of you, MSgt Rushford and you, entered a written agreement giving you physical custody of the children?

ACC: Yes, Your Honor.

MJ: Okay. That document was never filed with the court, is that correct?

ACC: It was given to my attorney and subsequently he made up the stipulation for the court order.

MJ: Okay. I see. So the two of you entered into your own agreement, which was not created by an attorney or anything of that nature. You just made a written agreement that gave physical custody to you?

ACC: Yes, Your Honor.

MJ: And then in order to make it legal, you sent a copy of that written agreement to your attorney who created the document that's Prosecution Exhibit 1?

ACC: Right, Your Honor.....

MJ: I have a full understanding now that this is a custody dispute, and that you thought that he had agreed to give you custody; and he had in fact given you custody, but he changed his mind; and in order to defeat your ability to get custody of the kids, he went sort of underground so you couldn't find him; and so you forged his name to the documents; and as a result of that, and in an effort to sort of force his hand some more, you went after the money, which you thought would lead to him bringing the kids back to you.

ACC: Exactly.

As the court recessed, the military judge told counsel she was concerned with the issue of self-help under a claim of right and planned to make further inquiry of the accused. During the recess the trial counsel requested a copy of the written agreement and the defense counsel provided it. When the trial counsel showed it to Master Sergeant Rushford he denied signing the document and claimed he had never seen the temporary agreement. When the court reopened, trial counsel then requested a recess to investigate the matter. The appellant's court-martial reconvened on May 6, 1996, with additional charges and specifications. The appellant requested the additional charges, which were referred after arraignment, be tried with the original charges. R.C.M. 601(e)(2).

The appellant moved to dismiss the false swearing charge and the military judge denied the motion. Following denial of the motion the appellant entered a conditional guilty plea to the charge and specification. The appellant now asserts the military judge erred. The military judge found the charge was for making "false statements under Article 134." He further found the false testimony of the appellant concerning a temporary proposal was not relevant, or germane, or material to the falsity of the actual document she was charged with falsifying.

The military judge applied the language contained in the explanation portion of the MANUAL FOR COURTS-MARTIAL, UNITED STATES (MCM), to the facts of this case:

> False swearing is the making under a lawful oath or equivalent of any false statement, oral or written, not believing the statement to be true. It does not include such statements made in a judicial proceeding or course of justice, as these are under Article 131, perjury (see paragraph 57). Unlike a false official statement under Article 107 (see paragraph 31) there is no requirement that the statement be made with an intent to deceive or that the statement be official. See paragraph 57c(1), c(2)(c) and c(2)(e) concerning "judicial proceeding or course of justice," proof of the falsity, and the belief of the accused, respectively.

MCM, Part IV, ¶ 79c.(1) (1995 ed.). The military judge concluded the providence inquiry is not that form of judicial proceeding included under the prohibitions against charging statements made in a court-martial or course of judicial action. He went on to comment, "To hold otherwise renders the specific instructions we give each and every accused prior to a discussion of the facts in the *Care* inquiry moot, misleading, and utterly void."

As noted above, false swearing is a statement made not believing it to be true, but is not a statement made in a judicial proceeding, which statements are perjury under paragraph 57 in the MCM. *Id.* Paragraph 57c.(1) relating to perjury defines "judicial proceedings" as including a trial by court-martial and defines "course of justice" as including an investigation conducted under Article 32, UCMJ. The *Care* inquiry is an integral part·of a trial by court-martial where

a guilty plea is entered and is therefore a judicial proceeding as defined in paragraph 57c.(1). *Care; United States v. Lanzer,* 3 M.J. 60 (C.M.A.1977).

Our superior court has addressed the question of false swearing during a judicial proceeding and opined that the decision turns on the construction of different statutes. "Article 131 prohibits false testimony in a 'judicial proceeding or in a course of justice.' If, therefore, a false statement is made under oath in a judicial proceeding, it must meet the requirement for perjury under the Article or no offense has been committed." *United States v. Smith,* 26 C.M.R. 16, 18, 1958 WL 3282 (C.M.A.1958).

The military judge erred when he denied the motion. An individual may be prosecuted for perjury or for making a false official statement during the course of a judicial proceeding. R.C.M. 910(c)(5) clearly states an accused may be prosecuted for giving false answers in a providence hearing under Article 131, UCMJ or Article 107, UCMJ. *United States v. Zimmek,* 23 C.M.R. 714, 720, 1956 WL 4703 (A.F.B.R.1956). Neither perjury nor false official statement are lesser included offenses of false swearing. MCM, Part IV, ¶ 79d. (1995 ed.).

Having concluded the military judge abused his discretion in failing to dismiss Specification 1 of the Second Additional Charge I we will dismiss the specification and reassess the sentence in the concluding paragraph.

### III. EX POST FACTO

The appellant asserts that the application of the amended Article 57(a) and Article 58b. violates the *Ex Post Facto* Clause of the Constitution as applied to her. Appellant's *ex post facto* arguments were resolved in her favor by the United States Court of Appeals for the Armed Forces in *United States v. Gorski,* 47 M.J. 370 (1997). All of the appellant's offenses occurred before the April 1, 1996, effective date of the two provisions. Therefore, collection of adjudged forfeitures or execution of a reduction in rank prior to the date of the convening authority's action pursuant to Article 57(a), UCMJ, and automatic collection of forfeitures not included in

the sentence of a court-martial, pursuant to Article 58b, UCMJ, are without legal effect. Any forfeitures collected from the appellant pursuant to these provisions will be restored at the appropriate pay grade. The record of trial is returned to The Judge Advocate General for appropriate action. The case need not be returned to this Court following administrative correction unless further appellate review is required.

### IV. OTHER ASSIGNED ERRORS

█ The appellant conditionally pled guilty to a violation of Article 134, UCMJ, by presenting a false document to her children's attorney ad litem. We find the military judge was correct in finding no merit to the appellant's argument, that the offense of perjury in violation of Article 131, UCMJ, was the proper offense to charge. He found the false document did not create a legal liability on the part of the attorney ad litem and therefore the offense of perjury under Article 131, UCMJ, did not preempt charging an Article 134 offense. We find no violation of Articles 80 through 132, UCMJ, and therefore the preemption doctrine, which prohibits charging conduct under Article 134, UCMJ, when that conduct is covered by Articles 80 through 132, UCMJ, does not apply. MCM, Part IV, ¶ 60c.(5) (1995 ed.).

The appellant asserts the military judge erred in not conducting an inquiry required by *United States v. Bertelson,* 3 M.J. 314 (C.M.A.1977). A stipulation of fact was admitted that addressed the forgery and larceny specifications at issue. The trial defense counsel indicated that, because the appellant elected to proceed before a military judge alone and the Court would eventually see all of the evidence, he had no objection to the judge seeing the stipulation. The trial defense counsel described the stipulation as follows:

> It's close to a confessional stip. We basically admit to all of the physical acts. We just do not believe that certain elements, i.e. intent, have been proven in each and every instance.

As the trial defense counsel stated this was not a confessional stipulation. The absence of one element means it is not a confessional

stipulation. This asserted error is without merit. *United States v. Kepple*, 27 M.J. 773 (A.F.C.M.R.1988), *aff'd*, 30 M.J. 213 (1990).

■ The appellant next asserts the military judge erroneously admitted a letter of reprimand (LOR) that described her apprehension by civilian authorities on December 7, 1995. The LOR documented her failing a roadside sobriety test, refusing further testing and denying her active duty status. The military judge had an adequate factual basis to find the LOR was not placed in the appellant's personnel record in an attempt to place uncharged misconduct before the Court. The trial counsel did not emphasize the LOR during his argument in this judge alone trial and the misconduct was minor in comparison to the charged offenses. We find the LOR was given as a legitimate management tool to effect change in the appellant and not to place inadmissible matters before the courts-martial. *United States v. Hagy*, 12 M.J. 739 (A.F.C.M.R.1981), *pet. denied*, 13 M.J. 204 (1982).

Although not assigned as error, we note Appellate Exhibit II is not included in the record of trial. This document was the quantum portion of a pretrial agreement. The convening authority withdrew from the agreement after the additional charges were referred to trial. We find that the failure to include Appellate Exhibit II in the record of trial was not a substantial omission because the judge permitted the convening authority to withdraw and the exhibit played no part in the proceedings. We find the record of trial is complete. *United States v. McCullah*, 11 M.J. 234 (C.M.A.1981); *United States v. Seal*, 38 M.J. 659 (A.C.M.R.1993).

## V. SENTENCE REASSESSMENT

Consistent with our determination that Specification 1 of the Second Additional Charge I did not state an offense, the finding of guilty of false swearing is set aside and the specification is dismissed. We must now reassess the sentence or return the case for a rehearing on sentence. *United States v.*

*Jones*, 39 M.J. 315, 317 (C.M.A.), *cert. denied*, 513 U.S. 1041, 115 S.Ct. 635, 130 L:Ed.2d 540 (1994); *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990). We are confident we can determine the sentence, as the military judge would have adjudged, and the convening authority would have approved, absent Specification 1 of the Second Additional Charge I. We reassess the sentence by approving only so much of the sentence as includes a dishonorable discharge, confinement for 18 months, forfeiture of $500 pay per month for 18 months, and reduction to E–1. The false swearing offense carried a maximum sentence of 3 years confinement, and the other offenses of which the appellant was convicted authorized a maximum of 28 years and one month. We have given individualized consideration to the seriousness of the convictions, the character and military performance of the appellant and all circumstances documented in the record of trial. *United States v. Snelling*, 14 M.J. 267 (C.M.A.1982). We believe that, by affirming the sentence as reassessed, justice has been done and the appellant has received the punishment she deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A.1988).

## VI. DECRETAL

The approved finding of guilty to Specification 1 of the Second Additional Charge I, false swearing, is set aside and that specification is dismissed. The remaining findings of guilty, and the sentence, as modified, are correct in law and fact. Accordingly, the findings and sentence, as modified, are

AFFIRMED.

Chief Judge ROTHENBURG and Judge SPISAK concur.